1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANIEL BANNON,

                                    Plaintiff,

v.

ANAERGIA SERVICES, LLC and DOES
1 through 50, inclusive,

                                    Defendants.

Case No.: 3:24-cv-1138-JES-MMP

**ORDER GRANTING MOTION TO
REMAND**

**[ECF No. 4]**

On July 24, 2024, Plaintiff Daniel Bannon ("Plaintiff") filed a motion to remand. ECF No. 4. On August 14, 2024, Defendant Anaergia Services, LLC ("Defendant") filed an opposition, and on August 21, 2024, Plaintiff filed a reply. ECF Nos. 5, 6. On August 28, 2024, the Court heard oral argument on the motion and took the matter under submission. ECF No. 7. After due consideration and for the reasons discussed below, the motion to remand is **GRANTED**.

## I.    BACKGROUND

On May 24, 2024, Plaintiff on behalf of himself individually and others similarly situated, initiated a wage and hour class action lawsuit against Defendant in the Superior Court of California, San Diego County. ECF No. 1-4. The complaint alleged that Plaintiff

worked for Defendant in California as a station operator, a non-exempt employee, from about August 2018 to July 2023. *Id*. at ¶ 11. Defendant is a Delaware limited liability company that maintains operations and conducts business throughout the state of California. *Id*. at ¶ 12. The complaint alleged that Defendant paid employees on an hourly basis and repeatedly underpaid Plaintiff and class members and failed to keep accurate records. *Id*. at ¶¶ 21-22. Based on this course of conduct, Plaintiff alleges causes of action for: (1) minimum wage violations; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) paid sick leave violations; (6) untimely payment of wages; (7) wage statement violations; (8) waiting time penalties; (9) failure to reimburse business expenses; (10) violation of California Business and Professions Code §§ 17200 et seq.; (11) unlawful wage deductions; and (12) declaratory relief. *Id.* at ¶¶ 28-78.

On July 1, 2024, Defendant removed the case to this Court. ECF No. 1. In the notice of removal, Defendant alleged there is federal subject matter jurisdiction through diversity jurisdiction. *Id.* at ¶¶ 9-37. On July 24, 2024, Plaintiff filed the current motion for remand, arguing there is no diversity jurisdiction. ECF No. 4.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

/ / /

/ / /

/ / /

/ / /

"Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction."[1] *Audo v. Ford Motor Co.*, No. 3:18-cv-00320-L-KSC, 2018 WL 3323244, at *1 (S.D. Cal. July 6, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Therefore, the "burden of establishing that removal is proper" always lies with the defendant. *Gaus*, 980 F.2d at 566. If there is any doubt as to the propriety of removal, the court shall reject federal subject matter jurisdiction. *Id.*; *see also Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court.").

Federal subject matter jurisdiction may arise based on federal question or diversity jurisdiction. 28 U.S.C. § 1331, 1332(a). In the notice of removal, Defendant states that this court has federal subject matter jurisdiction over the matter based on diversity jurisdiction. ECF No. 1 at ¶¶ 9-12. The statute requires complete diversity between plaintiffs and defendants. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An individual is deemed to be a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A limited liability corporation is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Further, to satisfy section 1332, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1446, a defendant removing a civil action from state to federal district court must include "a short and plain statement of the grounds for removal,"

---

[1] The Court notes that this presumption against removal remains good law after the Supreme Court's case *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), which stated that no such presumption applies where a case asserts federal court jurisdiction under the Class Action Fairness Act (CAFA) due to "CAFA's primary objective . . . to ensure Federal court consideration of interstate cases of national importance." *Id.* at *89 (citation and internal quotation marks omitted); *see Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F.Supp.3d 1062, 1067 (N.D. Cal. 2018). Though this case is brought as a class action, the basis of removal was not under CAFA, but general diversity jurisdiction.

including as to the amount in controversy being met. 28 U.S.C. § 1446(a). Where a plaintiff challenges the defendant's allegation of jurisdiction under sections 1332(a) and 1446 provides that "removal of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

In *Dart*, the Supreme Court recognized that this provision was added to section 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 to "clarify[] the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Even though *Dart* arose under the Class Action Fairness Act ("CAFA"), other courts within this district have applied this framework to non-CAFA cases. *See De Villing v. Sabert Corp.*, No. EDCV 18-2201 JGB (KKx), 2018 WL 6570868, at *2 (C.D. Cal. Dec. 11, 2018) (noting that *Dart* interpreted 28 U.S.C.§ 1446 which applies equally to CAFA and general diversity jurisdiction cases and collecting cases applying *Dart* to non-CAFA cases).

Thus, the evidence that the Court may consider here includes "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Removal jurisdiction therefore cannot rely on "mere speculation and conjecture, with unreasonable assumptions." *Id.*

/ / /

/ / /

/ / /

/ / /

1

## III.   DISCUSSION

2   As a threshold issue, there is no dispute between the parties regarding diversity of

3   citizenship. Plaintiff is a resident of California.[2] ECF No. 1 at ¶ 11. Defendant is a limited

4   liability company formed in and operated under the laws of Delaware. *Id*. at ¶ 12.

5   Defendant's sole owner/member is UTS Bioenergy Holdings, LLC ("UTS"), a limited

6   liability company formed in and operated under the laws of Delaware. *Id*. UTS's sole

7   owner/member is Anaergia US Corp., a Canadian corporation with its principal place of

8   business in Canada. *Id*. Thus, there is complete diversity of citizenship between the parties.

9   28 U.S.C. § 1332(a).

10   The main point of dispute between the parties is whether the amount in controversy

11   requirement has been met. In the notice of removal, Defendant alleges that the amount

12   exceeds $75,000 and calculates the amount as follows for each cause of action:

13

| **Claim** | **Amount** |
|---|---|
| Lawful Minimum Wage | $3,056 |
| Unpaid Overtime | $24,295.20 |
| Meal Break Premiums | $9,718.08 |
| Rest Period Premiums | $9,718.08 |
| Sick Leave Wages | $500 |
| Waiting Time Penalties | $12,211.20 |
| Itemized Wage Statements | $500 |
| Wages Upon Termination | $1,000 |

---

[2] The class is defined to be: "All current and former non-exempt employees who worked for Defendant in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification." ECF No. 1-4 at ¶ 17. "The absent class members generally are not taken into account when deciding subject matter jurisdiction or venue." *Massaro v. Beyond Meat, Inc.*, No. 3:20-cv-00510-AJB-MSB, 2021 WL 948805, at *11 (S.D. Cal. Mar. 12, 2021) (citing *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002) ("Nonnamed class members cannot defeat complete diversity ….")).

| Business Expenses | $2,350 |
| Attorneys' Fees | $75,000 |
| TOTAL less Attorneys' Fees | $63,348.56 |
| TOTAL including Attorneys' Fees | $138,348.56 |

ECF No. 1 at ¶¶ 22-36. The total amount of damages less attorneys' fees is $63,348.56. *Id.* at ¶ 36. Plaintiff does not dispute the amount of $63,348.56 in damages. However, Plaintiff disputes Defendant's calculation of attorneys' fees. If attorneys' fees are $11,651.44 or more, that would be sufficient to meet the jurisdictional threshold of $75,000.

**A. Attorneys' Fees**

In the notice of removal, Defendant appeared to argue that all attorneys' fees collected could be attributed to Plaintiff. However, as Plaintiff correctly argues and Defendant later concedes, "any attorneys' fees awarded [are] to be divided among all members of a class when calculating the amount in controversy." *Robles v. Roller Bearing Company of America, Inc.*, No. SACV 21-00925-CJC(ADSx), 2021 WL 4261517, at *3 (C.D. Cal. Sep. 20, 2021) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir. 2001)); *see also Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 (9th Cir. 2020). According to Plaintiff, there are 62 putative class members. In order for attorneys' fees to reach the amount of $11,651.44 per class member, the total amount of attorney's fees must be $722,389.28 ($11,651.44 x 62). A removing defendant has the burden to prove that the amount in controversy, including attorneys' fees exceeds the jurisdictional threshold by a preponderance of the evidence. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

Defendant argues that the $75,000 amount in controversy is met for two separate reasons. First, Defendant argues that there are only 33 putative class members, because the 29 other class members signed waivers of California Civil Code § 1542. Second, Defendant argues that $450,000 in minimum attorneys' fees for the class is reasonable based on prior class action awards by Plaintiff's counsel. Third, Defendant argues that Plaintiff's class

6

may be too small for certification, and if the class were not certified, attorney fees would be awarded solely to Plaintiff.

### 1. Number of Putative Class Members

Defendant argues in his opposition brief that there are only 33 putative class members because 29 of the class members signed waivers of California Civil Code § 1542. Thus, Defendant argues that the Court should only consider 33 putative class members when aggregating attorneys' fees. In its opposition, Defendant did not cite any authority to support its argument. At oral argument, Defendant cited two cases to support its argument, *De Leon v. NCR Corp.*, No. C 12-01637 SBA, 2013 WL 503092 (N.D. Cal. Feb. 8, 2013) and *Naiyan v. Sodexo, Inc.*, No. CV 10-9872 PSG (CWx), 2011 WL 1543371 (C.D. Cal. April 25, 2011).

In *De Leon*, a case based on CAFA jurisdiction, the Court ruled in a motion to remand that Defendant failed to sustain its burden to establish by a legal certainty that the amount in controversy exceeds $5,000,000 for several reasons, one of which included an argument that Defendant failed to consider a prior settlement and waiver of claims during the overlapping class period in calculating the amount in controversy with respect to Plaintiffs' claim for unpaid wages and waiting time penalties. *De Leon*, 2013 WL 503092, at *3-5. Further, the Court ruled that Defendants generally failed to submit concrete evidence demonstrating to a legal certainty to support the amount of controversy it alleged for almost all claims. *Id*.

In *Naiyan*, the Court ruled that Plaintiff's argument contesting the accuracy of Defendants' calculations based on an earlier settlement agreement reached in a similar wage and hour case did not alter the Court's finding of subject matter jurisdiction in its case since the settlement agreement was prior to the class period. *Naiyan*, 2011 WL 1543371, at *3. Neither case alters the Court's analysis here.

Plaintiff cites *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, (C.D. Cal. May 30, 2014), to support its argument that the Court should consider all 62 putative class members when aggregating attorneys' fees. "[A]ffirmative

defenses, counterclaims, and potential offsets may not be considered as part of the amount in controversy." *Garcia*, 2014 WL 2468344, *3; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding that even when a complaint discloses the existence of a valid defense, it cannot be grounds for demonstrating a failure to meet the amount-in-controversy threshold); *see also Garcia v. Old Dominion Freight Line, Inc.*, No. 17cv2340-CAB-NLS, 2018 WL 1193836, *6 (S.D. Cal. Mar. 8, 2018) ("While any releases signed by PCMs [putative class members] may be the basis of an affirmative defense, a potential defense to the action that could lower the amount of recovery does not preclude federal jurisdiction … the release of any overlapping class claims is not relevant to the calculation of the AIC [amount in controversy]."); *see also Inmexti, S. de R.L. de C.V. v. TACNA Serves., Inc.*, No. 12-cv-1379-BTM-JMA, 2012 WL 3867325, at *4 (S.D. Cal. Sept. 6, 2012) ("[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount in controversy is actually less than the jurisdictional minimum."). Therefore, the weight of authority supports Plaintiff's argument and the Court will not reduce the class down to 33 putative class members when aggregating attorneys' fees.

### 2. Amount of Attorneys' Fees

Next, Defendant argues that attorneys' fees are at least $450,000 in this case based on an hourly rate of $500, 390 hours worked and a 2.25 enhancement. ECF No. at 6. Plaintiff argues that Defendant's reliance on previously settled cases to support its approximation of attorneys' fees in this present case is misplaced for several reasons. The Court agrees that comparing this case to those prior cases without more information is problematic, however, the Court need not address this argument. Assuming Defendant is correct that attorneys' fees are $450,000 and dividing that by 62 putative class members, would produce an aggregated award of $7,258.06 per class member. When adding the undisputed award of $63,348.56 plus $7,258.06 in attorneys' fees, the total amount in controversy for Plaintiff would be $70,606.62, short of the $75,000 jurisdictional threshold required to invoke diversity jurisdiction. Therefore, Defendant has failed to meet its burden

by a preponderance of the evidence to a legal certainty that the amount in controversy is $75,000 or more and this court lacks diversity jurisdiction.

Finally, Defendant argues that the putative class of 33 may be too small for certification and the Court should not aggregate attorneys' fees. As stated above, the Court cannot consider affirmative defenses when deciding whether the amount in controversy meets the jurisdictional minimum.

### IV.   CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. The case is **REMANDED** back to State Court.

   **IT IS SO ORDERED.**

Dated:  September 30, 2024

Honorable James E. Simmons Jr.
United States District Judge